**Lillie A. DUKES, Appellant,**

v.

**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA,**
Appellee.

No. 20754.

United States Court of Appeals
Fifth Circuit.

March 30, 1964.

Gillis E. Powell, Crestview, Fla., for appellant.

Robert P. Gaines, Beggs, Lane, Daniel, Gaines & Davis, Pensacola, Fla., for appellee.

Before MAGRUDER,* JONES and GEWIN, Circuit Judges.

JONES, Circuit Judge.

The appellee, American Casualty Company of Reading, Pennsylvania, issued to C. L. Dukes, husband of the appellant, a policy of accident insurance with the estate named as beneficiary. The policy provided a death benefit of $10,000 payable to the estate if death was caused by specified accidental means including death from "injury sustained while and in consequence of riding as a fare-paying passenger in a railroad passenger car, passenger ferry boat, or other ship or boat." The insured rented a row boat at a privately owned artificial lake of thirty to forty acres in area, for the purpose of fishing, and paid the hire of the boat and fee for the privilege of fishing in the lake. The empty boat was found floating in the lake and his dead body was thereafter found in the lake.

Mrs. Dukes brought suit alleging that the appellee was liable under the quoted provisions of the policy. She did not allege any facts which showed that she, as widow of the insured, would be entitled to the proceeds, payable to the estate, even if liability was established. See Fla.Stat.Ann. § 222.13. The question was not raised in or considered by the district court and will not be considered here.

On the appellee's motion for summary judgment the district court held that the insured was not, at the time of his death, covered by the terms of the policy. A passenger is generally regarded as being a person who is transported from place to place by another. When the transportation is for a monetary compensation, that compensation may be designated as a fare. One who hires a row boat is not transported by another. Generally, the operator of a vehicle is not regarded as

---

* Senior Circuit Judge of the First Circuit, sitting by designation.

**338**

a passenger. One who procures a row boat for fishing in a small lake is not being transported from place to place. The hire or rental of such a boat at such a place as was hired by the insured for the purpose of fishing was not transportation from place to place. The phrase "railroad passenger car, passenger ferry boat, or other ship or boat," should be construed by application of the doctrine of *ejusdem generis*, and by such construction a row boat would not be such an "other ship or boat" as would be of the kind of instrument of transportation as passenger train or ferry boat. Those enumerated are carriers of persons from place to place by others.

There is no ambiguity in the policy provision. It was correctly construed and properly applied by the district court. Its judgment is

Affirmed.